THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>TUCKER UNDERGROUND, LLC, and TUCKER CONSTRUCTION GROUP, INC., D/B/A TUCKER UNDERGROUND, LLC,<br><br>Defendants. | Case No. 23CV661 |

## C O M P L A I N T

NOW COMES Plaintiffs, TRUSTEES OF THE LINE CONSTRUCTION BENEFIT FUND, a Health and Welfare Fund, by and through its Attorneys, Asher, Gittler & D'Alba, Ltd., and complains of Defendants, TUCKER UNDERGROUND, LLC, and TUCKER CONSTRUCTION GROUP, INC., D/B/A TUCKER UNDERGROUND, LLC., as follows:

1. This action is brought under the provisions of Sections 502(g)(2) and 502 (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145 to collect delinquent contributions and related sums Defendants are obligated to contribute to Plaintiffs pursuant to applicable collective bargaining agreements and plan documents.

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper under federal question jurisdiction, as provided for in 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

1

3. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

4. This Court also has jurisdiction pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. Sec. 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

5. Plaintiffs-Trustees are fiduciaries within the meaning of 29 U.S.C. § 1132(e)(1).

6. Venue is proper in this District because Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), allows a suit to "be brought in the district where one of the plans is administered," and the Line Construction Benefit Fund ("LINECO") is maintained and administered at its office at 821 Parkview Boulevard, Lombard, IL 60148-3230, which is in the Northern District of Illinois.

**PARTIES**

7. Trustees of the Line Construction Benefit Fund ("the Fund") is a multiemployer employee welfare benefit plan as defined under Section 3(2) of ERISA, 29 U.S.C. Sec. 1002(2).

8. LINECO is a Taft-Hartley Fund, which is administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA, and other applicable federal laws.

9. The Fund's office is located at 821 Parkview Blvd., Lombard, IL 60148-323016, and the Fund is administered in the Northern District of Illinois

10. The Fund receives contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between said employers and the International Brotherhood of Electrical Workers ("IBEW") and its affiliated local labor unions, including specifically agreements between IBEW Local Union 70 ("the Union") and Defendants. The Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal laws, and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

11. As provided in the Trust Agreement, the Fund is required to receive, hold and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

12. Defendant Tucker Underground, LLC ("Tucker Underground") is or was an employer engaged in an industry affecting commerce and maintains or maintained its principal place of business at 2411 Crofton Lane, Suite 9, Crofton, MD 21114.

13. Tucker Underground is or was a District of Columbia Limited Liability Company.

14. Defendant Tucker Construction Group, Inc. ("Tucker Construction") is an employer engaged in an industry affecting commerce and maintains their principal place of business at 2411 Crofton Lane #9, Crofton, MD 21114.

15. Tucker Construction is a Maryland Corporation.

16. Upon information and belief, Tucker Construction sometimes does business under the name Tucker Underground.

17. Upon information and belief, Tucker Construction and Tucker Underground use the same business addresses and phone numbers.

18. Upon information and belief, and at all times material to this Complaint, Tucker Construction and Tucker Underground have been affiliated and intertwined business enterprises with substantially identical management, business purposes, operations, jobs, services, production processes, products, equipment, facilities, customers, personnel, supervision, and ownership.

19. Upon information and belief, Tucker Construction and Tucker Underground hold themselves out to the public as a single integrated business enterprise.

20. Based on their nature and activities as alleged in the preceding paragraphs, Tucker Construction and Tucker Underground constitute a single integrated business enterprise and have been, at all material times, alter egos and a single employer or, alternatively, a joint employer. Tucker Construction is therefore bound by the same statutory duties Tucker Underground is bound with respect to the business's employees, and Tucker Construction is liable for any violations of the same by Tucker Underground and vice versa.

## COUNT I – DELINQUENT CONTRIBUTIONS

21. Section 515 of ERISA requires an employer to make contributions to a multiemployer plan pursuant to the terms of the plan or under the terms of a collectively bargained agreement. 29 U.S.C. Sec. 1145.

22. Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of a plan through a civil action. 29 U.S.C. Sec. 1132(a)(3).

23. Section 502(g)(2) of ERISA provides that a fiduciary bringing suit to recover delinquent contributions under Section 515 shall recover the unpaid contributions as well as

4

interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief. 29 U.S.C. Sec. 1132(g)(2).

24. Defendants employ or have employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreements referred to herein, by the terms of which Defendants were required to contribute to the Fund.

25. The Fund is advised and believes that Defendants have repeatedly failed to submit accurate contribution reports and the required payments thereon to the Fund pursuant to the terms of the Collective Bargaining Agreement by which they were bound, all in violation of their contractual obligations and their obligations under applicable federal statutes.

26. As a result of the above-described omissions and breaches of agreement by Defendants, the Fund may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendants the benefits provided under the benefit plan, notwithstanding Defendants' failure to make the required contributions thereto, thereby reducing the corpus of such Fund and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

27. The Fund, on its behalf, and on behalf of all employees for whose benefit the Fund was established, has requested Defendants to perform their obligations, but Defendants have refused and failed to perform as herein alleged.

28. The Fund is without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendants are ordered to specifically

perform all of their obligations required under the Collective Bargaining Agreement and the Trust Agreement, and are restrained from continuing to refuse to perform as thereunder required.

29. Defendants are delinquent to the Fund for the months of December 2021, and, January, February, March, April, July, August, September of 2022 in the amount of $23, 522.97, $2,268.83 in Interest, and $15,156.45 which amounts to a total of $40,948.25.

30. Defendants' failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement. The Fund, therefore, seeks enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii) of ERISA and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays:

(a) That judgment be entered in favor of Plaintiffs and against Defendants in the amount of FORTY THOUSAND NINE HUNDRED FORTY-EIGHT DOLLARS AND 25/100 ($40,948.25), and such additional monies that accrue during the pendency of this lawsuit.

(b) That Plaintiffs be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendants as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d) That Defendants be specifically ordered to furnish to Plaintiffs the required monthly contribution reports and payments due thereunder and to continue to perform all

obligations on Defendants' part according to the terms and conditions of their Collective Bargaining Agreements.

    (e)    For such other and further relief as the Court may determine just and proper.

Respectfully submitted,

By: */s/ Natalie Diblich*
    One of Plaintiffs' Attorneys

Natalie Diblich
Matthew Pierce
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard, Suite 720
Chicago, Illinois 60606
(312) 263-1500
natalie@ulaw.com
mjp@ulaw.com
IL ARDC#: 6326816
IL ARDC#: 6326448


Dated:   February 2, 2023.